George S. Johns
G0641100261737663
Telfair State Prison
170 Longbridge Road.
Atlanta, Georgia. 31031

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 09 2026                    ECR

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

United States District Court
Office of the Clerk
2211 United States Courthouse
75 TED TURNER DRIVE, S.W.
Atlanta, Georgia. 30303

Dear Deputy Clerk;

I received receipt of your letter informing me of the actions taken by the Fulton county Superior Courts; Clerk office of Fulton County, the atlanta Judicial Circuit Judge(s) state of Georgia. On October 8, 2025 a motion for trial has been filed and dismissal on October 8, 2025 for Post-Appeal hearing. I have requested numerous. of times via statues and Codes: O.C.G.A 17-7-170 speedy trial with appointed counsel. I also, requested for new appointed counsel since September 2, 2024. I have been deprived of the Statutory provisions of the United States Constitution sixth and fourth amendment; associated with the Georgia Constitution Section 1, Article 1, Paragraph 12.

The remittutor issued on August 29, 2025, should be employed to avoid the unnecessary expense and delay of hearing and or new trial; see cited and recorded "Verdicchio v. Ricca. 179. N.J. 1, 38-39 (2026)(Long., J.) also, "Banks v. Chicago Grain Trimmer's Association, 390 U.S. 459, 467 (1968)(stewart., J."

I request a Writ of Quo Warranto cited to the record writ. Old Nat. Br. 149; 5 Wheat 291; 15 Mass, 125; 5 Ham 358; 1 Miss 1115; for a dismissed of all charges for lack of evidence and Jurisdiction. cited and recorded: COOK V. State. 313 Ga. 471 870 S.E. 2d. 758; S21A1-270 (March 15, 2022); for grounds and access to trial: court for motion denial.

I have enclosed several Transcript(s) as exhibits as Judicial Notice and proclamation; see attachments

Can you make a duplicate of this transcript, make it apart of my records as acknowledgement.

Respectfully Submitted by:

/s/ _____

Jurat
Sworn to and subscribed before me this 23rd day of Feburary 2026.

B/ J.R. Con____
Notary Public,
Commission expir_____  1/16/28

**IN THE SUPERIOR COURT OF** _Fulton_ **COUNTY**
**STATE OF GEORGIA**

George S. Johns                     )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Civil Action No. _23 SC 186170_
                                    )        Civil Action No. 1:25-CV-6658-ELR-JSA
Superior Court Fulton County,       )
        Defendant.                  )
                                    )

## VERIFICATION

Personally appeared before me the undersigned who on oath states that the facts set forth

in this Complaint are true and correct to the best of his/her knowledge and belief.

_____
Plaintiff _pro se_
[Sign in the presence of a Notary Public]

Sworn to and subscribed before me
this _6th_ day of _January_ ; 20 _26_ .

_____
Notary Public, State of Georgia

My Commission Expires: _July 16, 2028_

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDREW MCFARLANE
RESPONDENT

v.

GEORGE SHARROD JOHNS
PETITIONER

\* NOTICE OF AMENDED PETITION

\*

\* CIVIL ACTION NO. 1:25-CV-6658-ELR-JSA
\* CIVIL ACTION NO. 23SC196170

## PROCEDURAL HISTORY

Heretofore, Petitioner response to answer-response puts forth grounds and claims for detailed brief and amended petition. Set forth, a legal statement motion of continuance according to state court trial and direct appeal for negative avertment with opportunity to cure. Any claim with this claim of "cause" to excuse the default for failure and raise issue for federal hearing as to why Court should grant hearing Pursuant to 28 U.S.C. § 2254. Allow a conduct evidentiary hearing for the purposes of exhibits submitted for Petitioner's state court proceedings: see transcripts

## Answer-RESPONSE

Without delay to Proceed to show brief on direct appeal was not affirmed see transcript of Supreme Court of Georgia remitittur issued August 29, 2025; JOHNS v. State, 322 Ga. 321, 919 S.E. 2d 588 (2025). Convey this amended petition as a state remedy in support of brief for review grant extension to have appointed counsel assist petitioner with response to procedural history; see brief in support of motion to dismiss Petition for lack of exhaustion.

## Argument and citation of authority

With effective counsel petitioner would have access to courts for grounds of post-trial, Post-Appeal and or Post-conviction hearing Pursuant to the sixth amendment of the United States Constitution; also statues and code O.C.G.A § 17-16-1 et seq; O.C.G.A § 17-7-170 Speedy trial.

The by product state court etc. Fulton County Superior Court withdrawing jurisdiction; see cite to the record: 1 salk, 404, n,; Gilb. C. P. 188; 1 saund. 73; 2 lord Raym. 1311; and see Bac. Ab. Courts, & C., et sea; Bac. Ab. Pleas. E2.

State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued

confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief; cited and recorded: O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). Petitioner's submits those grounds without default.

Petitioner has given the state courts a fair opportunity to act upon his current claims, Yet, state courts continue to refuse or dismiss hearing(s) available to state remedy in which to raise or dismiss claims with prejudice. see cited and recorded: Semtek international Inc. v. lookheed Martin Corp., 531 U.S. 497. 505 (2001)(Scalia, J.)

A rigorously enforced exhaustion rule is that claims presented to a federal will often be accompanied by a complete factual record which will Aid the court in its review. see cited and recorded: Rose, 455 U.S. at 519.

## STANDARD OF Review

Under §2254 as amended this Court should grant relief with respect to any claim adjudicated on the merit in state court proceeding unless (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

## Transcripts

Petitioner will submit the following exhibits from Petitioner's state Court Proceeding(s):

Petitioner's Exhibit 1- a copy of Petitioner's indictment

Petitioner's Exhibit 2- a copy of Petitioner's brief filed in Petitioner's direct appeal Supreme Court of Georgia having no jurisdiction letter

Petitioner's Exhibit 3- a copy of Petitioner's letter filed concerning key factors "Fulton County no Jurisdiction".

Petitioner's Exhibit 4 - a copy of Petitioner's filed letter Order dismissing Petitioner's motion Post-appeal hearing motion for new trial.

Petitioner's Exhibit 5 - a copy of Petitioner's Confidential Affidavit for administrative dismissal with Prejudice of all charges transcript.

Petitioner's Exhibit 6 - a copy of Petitioner's Confidential Affidavit writ of transcript.

Petitioner's Exhibit 7 - a copy of Petitioner's Cooperation Agreement for relief.

Petitioner's Exhibit 8 - a copy of Petitioner's state notice of intent to Present witness testimony via live video Feed.

Petitioner's Exhibit 9 - a copy of Petitioner's state order depriving client of due Process.

Petitioner's Exhibit 10 - a copy of Petitioner's Certificate of Service: to Certify that there is a prior agreement with District Attorney's office. see. Exhibit 7.

## Conclusion

WHEREFORE, in the instant case, the Petitioner having answered the brief in support of motion to dismiss Petition for lack of exhaustion Consider this Petition as amended and show "cause" why the writ should issue a hearing as necessary; also be granted. Petitioner's pray that the Court dismiss motion to dismiss for lack of exhaustion. and grant relief. George S. Johns respectfully request that the Court REVERSE his Convictions.

## Certificate of Service

I do hereby certify that I have this day served the within and request that this answer-response be made Part of my records as acknowledgement.

Respectfully submitted by:

/S/: _____

JURAT

Sworn to and subscribed before me this 23rd day of February 20.06. Seal:

[Notary seal: NOTARY PUBLIC TELFAIR COUNTY, GEORGIA — JULY 16, 2026]

Notary Public State of Georgia
Commission Expires: 7/16/2026

Fulton County Superior Court
\*\*\*EFILED\*\*\*CL
Date: 12/14/2023 9:57 AM
Che Alexander, Clerk

MC

## INDICTMENT

22CP213916

EJ13-Whitaker

### Clerk No. 23SC186170

### FULTON SUPERIOR COURT

THE STATE OF GEORGIA

V.

**GEORGE SHARROD JOHNS**
**DA #: 22DA11710**

> **FILED IN OFFICE**
> FEB 07 2023
> DEPUTY CLERK SUPERIOR COURT
> FULTON COUNTY, GA

1  **MURDER O.C.G.A. §16-5-1**
2  **FELONY MURDER O.C.G.A. §16-5-1**
3  **AGGRAVATED ASSAULT O.C.G.A. §16-5-21**

_True_ BILL

_February 7_, 20 _23_

_Stuten Kelley_

Grand Jury Foreperson

PERSONID: 5205391

**FANI T. WILLIS, District Attorney**

| The Defendant waives copy of indictment, list of witnesses, formal arraignment and pleads NOT Guilty. | The Defendant waives copy of indictment, list of witnesses, formal arraignment and pleads _____ Guilty. | The Defendant waives copy of indictment, list of witnesses, formal arraignment and pleads _____ Guilty. |
|---|---|---|
| Defendant | Defendant | Defendant |
| Attorney for Defendant | Attorney for Defendant | Attorney for Defendant |
| Assistant District Attorney | Assistant District Attorney | Assistant District Attorney |
| This 11th day of Dec, 2023 | This ____ day of _____, _____ | This ____ day of _____, _____ |

Exhibit - 1



**Supreme Court**
**State of Georgia**
NATHAN DEAL JUDICIAL CENTER
**Atlanta 30334**

January 12, 2026

RE: S25A0875.  JOHNS v. THE STATE.

Mr. Johns,

We are in receipt of your letter informing us of actions taken by the superior court following remittitur of this appeal. As we noted in previous correspondence, the judgment issued in your case on August 12, 2025, and the remittitur issued on August 29, 2025, returning jurisdiction to the trial court. This Court no longer has jurisdiction over the case.

Sincerely,

Therese S. Barnes, Clerk



**CLERK'S OFFICE**
**SUPREME COURT OF GEORGIA**
330 Capitol Avenue SE
First Floor, Suite 1100
Atlanta, Georgia 30334

NAME: George Sharrod Johns

DATE: October 8, 2025

CASE NO. _____S25A0875_____

The Rules of the Supreme Court of Georgia are available on our website at www.gasupreme.us. We no longer have paper copies available for distribution.

This Court does not have the form you requested.

Thank you for sending us your change of address. We have updated our records accordingly.

I am sorry that we cannot help you with the answers to your questions. Employees of this Court may not provide legal advice.

You do not have an appeal <u>pending</u> in this Court in which to file your papers.

Your recent letter to _____ has been forwarded to this office for a response. The Justices may consider cases pending in the Court, but may not advise litigants or discuss cases with them except within authorized procedures.

This Court is unable to supply copies to you without charge. If you will remit the cost of copying, we will send you the documents you requested. The charge for those documents is $ _____ .

An affidavit of indigence cannot be accepted in lieu of payment for copying charges. Affidavits of indigence can only be used for costs for filing an appeal or an application for appeal.

The remittitur was returned to the trial court on _____ and this Court no longer has jurisdiction over your case.

All documents filed in this Court must have a certificate of service attached showing the name and address of opposing counsel, or if no counsel, the opposing party to whom you have sent a copy of your filing.

Your documents are being returned to you **unfiled**.



**CLERK OF SUPERIOR & MAGISTRATE**
**COURTS**
## Honorable Ché Alexander,
"People - Purpose - Passion"

**Date:** 12/16/2025

**To:** Mr. George Sherrod Johns
  Telfair State Prison
  170 Long Bridge Road
  Helena, Georgia 31037
  **G. D. C. No. 1002673763**

**Re: Letter Concerning Remittitur**

**Case No: 23SC186170/18SC157821**

Dear Mr. Johns:

**In response to your request(s) please review the item(s) checked below:**

☐ Enclosed are the documents requested.

☐ Your document(s) has been filed in our office, and a copy has been forwarded to the Case Manager for The Honorable Judge _____ for further consideration. The mailing address is 185 Shirley Franklin Boulevard, Suite T-5855 Atlanta, Georgia 30303.

☐ Our Case Management System shows no future Court Date.

☒ Your document(s) has been filed in office and made part of the records. **The Judgement was affirmed according to the remittitur and the case was not return to the Jurisdiction of Fulton County,**

☐ The Grand Jury has indicted your case number.

☐ We have forwarded a copy of the documents to the District Attorney's Office. The address is 136 Pryor Street, SW, 3rd Floor, Atlanta, Georgia, 30303.

☐ We are unable to process your request because

☐ Our office does not conduct background checks. Please contact the Sheriff's Office at 185 Central Avenue, 9th Floor, Atlanta, Georgia 30303.

Sincerely,

Deputy Clerk

CC: File

Fulton County Superior Court
***EFILED***LT
Date: 11/3/2025 1:22 PM
Che Alexander, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA, | * | |
| | * | INDICTMENT NO. |
| v. | * | 23SC186170 |
| GEORGE SHARROD JOHNS, | | |
| | * | |
| Defendant. | * | |

### ORDER DISMISSING DEFENDANT'S MOTION POST-APPEAL MOTION FOR NEW TRIAL

Defendant's motion for new trial filed October 8, 2025, is DISMISSED, as Defendant has already filed and litigated a motion for new trial, which was denied on September 24, 2024, and which denial was affirmed by the Georgia Supreme Court on August 12, 2025.

Any further relief sought by Defendant must be pursued through a habeas corpus action.


SO ORDERED, this the day of November 3, 2025.



_____
JUDGE PAIGE REESE WHITAKER
FULTON COUNTY SUPERIOR COURT
ATLANTA JUDICIAL CIRCUIT


*Service via e-filing system*


Page 1 of 1

CHÈ ALEXANDER, CLERK OF SUPERIOR COURT, FULTON COUNTY, GEORGIA.
I, DO CERTIFY THAT THE WITHIN AND FOREGOING IS A TRUE, COMPLETE
AND CORRECT COPY OF THE ORIGINAL IN SAID CASE, APPEARS ON FILE
AND RECORDED IN THE OFFICE OF THE CLERK OF SUPERIOR COURT
FULTON COUNTY CRIMINAL DIVISION, ATLANTA, GA.

WITNESS MY HAND AND SEAL OF SAID COURT THIS ___ DAY OF ___ 20 25

DEPUTY CLERK, FULTON SUPERIOR COURT

IN THE SUPERIOR AND MAGISTRATE COURT OF FULTON COUNTY
STATE OF GEORGIA

Andrew MacFarlane
RESPONDENT

V.

George SHarrod Johns
DEFENDANT

\*  Confidential Affidavit for administrative
\*  Dismissal with Prejudice of
\*  All charges transcript
\*  civil action # 23SC186170
   CIVIL action #1:25-cv-6658-ELR-JSA
\*
(1)

The Defendant is entitled to due Process in the form of <u>Chambers v. Mississippi</u> 410 U.S. 284, 294 (1973) Statues and Codes. The Supreme Court found that "the rights to confront have been recognized as essential to due Process, the right of an accusation of the accused in a criminal trial to due Process is "in essense, the right to a fair opportunity to defend against the State's Accusations."
(2)

Furthermore, The Georgia Uniform Superior Court Rule 9.2 (D)(2) states that, "in any criminal matter, an objection to a witness testifying or testifying virtually via video shall be monitored and sustained; however, such an objection shall act as an motion for Continuance". Thus, should the defendant object to Lead detective and or Homicide detective testimony. By which there was none at trial. The defendant would be moving to continue the case according to the trial calender, have charges dismissed because of mistrial. see transcripts.
(3.)

November 3, 2025 Post-Appeal trial motion dismissed. When the discretion issued on August 12, 2025 and thereafter the <u>remittitur</u> issued August 29, 2025, returning Jurisdiction to Fulton County trial court; from the Supreme Court of Georgia has no Jurisdiction is a writ. Speedy trial O.C.G.A § 17-7-170 should have been granted provided by O.C.G.A §5-5-20 And 5-5-21. In Pursuant to Bouvier law dictionary Notice of (1)<u>Detainer</u> issued by Atlanta Fulton County district Attorney's office cited and recorded see also "New Jersey v. Baker, 945 A. 2d 723 (N.J. Super. Ct. APP. Div 2008)(messano, J.)". (2) <u>Acquittal</u>: a decision the defendant cannot be guilty owning to a collateral event in legal system. Dismissed due to legal case. cited and recorded "Coker v. Georgia, 353. S.E. 2d 56, 57 (Ga. Ct. APP 1987)(McCray, J.)". (3) <u>Dismissal with Prejudice</u> cited and recorded "Semtek international Inc. v. Lockheed Martin Corp., 531 U.S. 497. 505 (2001)(Scalia, J.)". (4) <u>Preponderates</u> see also Bouvier's law dictionary. The grounds of Prejudice see Statues and Codes 28 U.S.C. 1251 Original Jurisdiction: June 25, 1948 ch 646, 62 Stat. 927; Pub. L. 95-393, § 8 (b), September 30, 1978. 92. Stat. 810. Lack of Jurisdiction cited and recorded: 1 salk, 404, n.; Gilb. C.P. 188; 1 saund. 73; 2 lord Raym. 1311; and see Bac. Ab. Courts, 4 C., C. et sea,; Bac, Ab. Pleas, E2. Provided by Statues and Codes O.C.G.A.§ 50-18-73 "Jurisdiction to Enforce" sanctioned by remedies.
(4.)

Georgia law provides... Statues and Codes O.C.G.A.§ 17-16-1 et seq; O.C.G.A.§ 17-7-170 Speedy trial; Post-trial hearing Pursuant to O.C.G.A § 17-16-7. See Transcripts

Two count that filed with Security Defense Counsel associated and effective defense Counsel appointed to the client; for cmsent to schedule a hearing. Accordingly, The court erred associated with the Sixth Amendment of the United States Constitution and Georgia Constitution Article I Paragraph 12 XII. As said beforehand, Georgia law cannot deny to defend myself in Person with due Process and effective counsel.

(5.)

As I have showed effective cause for dismissing my defense counsel effective March 3, 2025 to acquire Newly appointed Georgia Public or Office of the Atlanta Public defense Counsels on the grounds of dimissal with prejudice and Improper conduct of counsel.

(6.)

I timely filed statues and Codes O.C.G.A§ 17-7-170 Speedy trial hearing or motion with the United States Constitution (6) Sixth Amendment amended motion dated September 2, 2024. As Per Statues and Codes O.C.G.A§ 17-16-2(a) apply to defendant's case. Lack of evidence with no confrontation from Lead detective or Homicide detective; No Weapon found or charges; as to legal defense arguments see transcripts as provided. Trial has been documented three (3) times for same alleged charges. Due to lack of evidence defendant should have been acquitted of all charges. With concerns and claim of denying timely filed and recorded O.C.G.A§ 17-7-170 see "Coker v. Georgia, 353.S.E. 2d 56, 57 (Ga. Ct. App. 1987)(McCray. J.) which the court denied on September 24, 2024; and also., October 17, 2024. See transcripts.

(7.)

As Per Districts Courts and Clerk rule cited and recorded LR 79-1, Books and Records kept by clerk and entries theirin (rule 79.1) rule 79.1: I would like sent back to or giving back to me with Certificate of Service occured within June 14, 2024.

(8.)

The transcripts further show that within, April 5, 2023. An order was granted to deprive John's the defendant the ability to prepare a meaningful legal defense. Also, deprived the defendant equal protection of the laws under both the United States and Georgia Constitution. Sanctioned by Judicial Notice and Proclaimation.

WHEREFORE, the defendant inquires that these grounds be granted by the Court, that a hearing be held and that a new Defense counsel be appointed. Defendant has filed specifying errors with counsel; also recieved and reviewed trial transcripts. filed this transcript with my case number and make a part of my records. Send a duplicate back to myself for acknowledgement with Certificate of Service.

Respectfully Submitted by:

s/: _____
George S. Johns F.R.E 902(1)(3)
BLue Laws Blue Book

sworn to and subscribed before me this 18 day of february 2026:20____, .    seal:

/s/: Melissa best
Notary Public, State of Georgia
Commission Expires: 5/30/26

IN THE SUPERIOR AND MAGISTRATE COURTS OF FULTON COUNTY STATE OF GEORGIA

ANDREW MCFARLANE
RESPONDENT
V.
GEORGE SHARROD JOHNS
DEFENDANT

\* Confidential Affidavit Writ
\* of Transcript(s)
\* Civil action No. 23SC186170
\*

Heretofore. On December 23, 2025, I recieved receipt of your letter informing me of the actions taken by the FULTON COUNTY Superior Court, Clerk office of Fulton county; the atlanta Judicial circuit Judge state of Georgia.

On October 8, 2025 a motion for trial has been filed and dismissed; previous to Post-appeal. I have requested numerous of times for Post-trial statues and code O.C.G.A§ 17-7-170: Speedy-trial; with appointed counsel via United States Constitution (sixth) Amendment VI associated with Georgia Constitution, Article I, Section I, Paragraph XII (12) see. Bouvier Law dictionary remittitur also cite to the record Verdicchio v. Ricca. 179 N.J. 1, 38-39 (2006)(Long., J.)

On December 12, 2025, the letter I recieved with receipt state's "The Judgement affirmed" according to the remittitur and the case was "not returned to the Jurisdiction of fulton county". The techniques of additur and remittitur should be employed to avoid the necessary and unnecessary expense and delay of new trial. see cited to the record "Banks V. CHICAGO GRAIN Trimmer's Association, 390 U.S. 459, 467 (1968) (Steward., J.)" usane: "Verdicchio V. Ricca. 179 N.J. 1, 38-39 (2006)(Long.,J.)

In December 2023 Johns was convicted and sentenced. Transcript of the signed Indictment is noted otherwise. Charges should be dropped and trial Procedure overturned. I request a writ of Quo Warranto cites to the record "writ old Nat. Br. 149; 5 wheat 291; 15 mass, 125; 5 HAM 358; 1 miss 11/5."

I hearby as deemed appropiate that the charges be dropped, case at trial overturned as dimissal with prejudice; for the lack of Jurisdiction; see letter of intent dated December 16, 2025. See Bouvier's Law dictionary dismissal with Prejudice cites to the record, "Semtek International Inc. V. Lockheed Martin Corp, 531 U.S. 497. 505 (2001)(scalia. J.). Sanctioned by Judicial Notice and Proclaimation.

I have enclosed transcipts as exhibits as follows: ① Clerk's office Supreme Court of Georgia; ② Confidential Affidavit for Dismissal with Prejudice of all charges transcipt; ③ ATLANTA JUDICIAL CIRCUIT DISTRICT ATTORNEY office transcript

I hearby request acknowledgement of cite to the record "Henry v. Fernandez-Rundle, NO. 19-10657 (11th Cir July 16, 2019) U.S.C of APP. See also; identified in status correction." Hinojosa V. Texas, 4 s.w. 3d 240, 251 (Tex crim. APP 1999)(Holland. J); Hauk. P. C. book1, C. 2, S. 1; J. D. B Miller Politicians 13 (1958).

1 of 2

Can you make a duplicate of this transcript and send it back to me for acknowledgement with a Certificate of Service.

Respectfully Submitted by:

/S/: _____
U.C.C 1-308 Gervais S. Johns

Jurat
Sworn to and Subscribed before me this_____ day of_____,
20_____.      Seal:



/S/: Melia Best
Notary Public
Commission Expires: 5/30/26

2 of 2

**OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY**
**ATLANTA JUDICIAL CIRCUIT**
**136 PRYOR STREET SW, 3RD FLOOR**
**ATLANTA, GEORGIA 30303**

*Fani T. Willis*
**District Attorney**



TELEPHONE 404-612-4639

## CONVICTION INTEGRITY UNIT

October 4, 2024

George Johns
GDC# 1002673763
Telfair State Prison
P.O. Box 549
Helena, Georgia 30137

RE:     Request for Review

Dear Mr. Johns:

The Conviction Integrity Unit of the Office of the Fulton County District Attorney recently received a Request for Review of your case.

After briefly reviewing your case, we have determined you are currently represented by an attorney.  Because you are represented, we cannot correspond with you about your case. If your lawyer wants to pursue relief through the Conviction Integrity Unit, we will need to execute a Cooperation Agreement.

Please let your attorney know you have contacted CIU. I am copying her on this letter, so she is aware we have had limited communication.

Sincerely,

Aimee R. Maxwell
Conviction Integrity Unit

cc:  Nedra Woods *via U.S. mail*

Exhibit 2

Fulton County Superior Court
***EFILED***AP
Date: 11/29/2023 11:20 AM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | CASE NO.: 23SC186170 |
| v. | ) | |
| | ) | |
| GEORGE SHARROD JOHNS, | ) | JUDGE PAIGE WHITAKER |
| Defendant | ) | |

**STATE'S NOTICE OF INTEN TO PRESENT WITNESS TESTIMONY VIA LIVE VIDEO FEED**

COMES NOW, the State of Georgia, by and through the undersigned assistant district attorney, and notifies the Court of its intent to present material witness testimony in open court via a live video feed pursuant to Uniform Superior Court Rule 9.

**CASE BACKGROUND**

The Defendant is indicted for murder, felony murder, and aggravated assault for the stabbing death of James Fred Cason, Jr. The case is on the Court's December 11, 2023, trial calendar. Dr. Sally Aiken conducted the autopsy of Cason's body. On November 20, 2023, the State filed a notice of intent to present testimony of a substitute medical examiner. In sum, the State argues that Dr. Aiken lives in Washington State, and the State would instead be seeking to present the testimony of Dr. Karen Sullivan, the peer reviewing forensic pathologist in Cason's case.

Later, on November 20, 2023, Dr. Sullivan notified the State that she is having surgery on December 1, 2023, and would only be available to provide testimony via a live video feed (specifically, Zoom) during the week of December 11, 2023. Also on November 20, 2023, the State notified defense counsel via email of Dr. Sullivan's medical status and inquired whether there would be any objection to Dr. Sullivan testifying via Zoom. At of the time of this filing, the defense has not indicated whether it will be objecting to Dr. Sullivan's live video testimony. Dr. Sullivan's current medical status forms the basis for this notice.

**ARGUMENT AND CITATION OF AUTHORITY**

The Confrontation Clause guarantees a Defendant "a face-to-face meeting with witnesses before the trier of fact;" however, the right to a "face-to-face meeting" is neither absolute nor intended to be

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| v. | ) | CASE NO.: 23SC186170 |
| | ) | |
| GEORGE SHARROD JOHNS, | ) | JUDGE PAIGE WHITAKER |
| Defendant | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the Defendant with a copy of the aforementioned Notice of Intent to Present Evidence in Aggravation of Punishment and Notice of Intent to Present Evidence of Prior Convictions for Purposes of Impeachment by email to Samantha Trippedo (samantha.trippedo@fultoncountyga.gov).

This 27th day of November 2023.

/s/ Jeffrey Hawkins
Jeffrey Hawkins
Assistant District Attorney
Atlanta Judicial Circuit
GA Bar No.: 355095

Office of the Fulton County District Attorney
136 Pryor Street SW, 3rd Floor
Atlanta, GA 30303

interpreted literally. <u>Maryland v. Craig</u>, 497 U.S. 836, 844 (2002). Thus, while there is a "preference for face-to-face confrontation at trial, a preference must occasionally give way to considerations of public policy and the necessities of the case and where the reliability of the testimony is otherwise assured." <u>Harrell v. Butterworth</u>, 251 F.3d 926, 930 (11th Cir. 2001).

Dr. Sullivan is a material and necessary witness in the above styled case. In <u>Harrell</u>, the Eleventh Circuit upheld the State of Florida's use of satellite transmission to present the testimony of two victims because they lived in Argentina and one was in poor health. <u>Id.</u> at 928-929, 931. Here, Dr. Sullivan's medical status prevents her from appearing in person to testify the week of December 11, 2023. However, with live video testimony, Dr. Sullivan would be required to testify under oath, the Defendant would have an opportunity to cross-examine Dr. Sullivan, and the jury would be able to view Dr. Sullivan on a monitor during her testimony.

Further, Georgia Uniform Superior Court Rule 9.2 (D) (2) states that, "[i]n any criminal matter, an objection to a witness testifying virtually via video shall be sustained; however, such an objection shall act as a motion for continuance." Thus, should the Defendant object to Dr. Sullivan's virtual testimony, the Defendant would be moving to continue the case from the December 11, 2023, trial calendar.

**CONCLUSION**

**WHEREFORE**, the State notifies the Court of its intent to present Dr. Sullivan's testimony in open court via a live video feed. Should the Defendant object to Dr. Sullivan testifying via live video feed and thereby move to continue the case from the December 11, 2023, trial calendar, the State would join in that motion for continuance.

This 29th day of November 2023.

Respectfully submitted,

/s/ Jeffrey Hawkins
Jeffrey Hawkins
Assistant District Attorney
Atlanta Judicial Circuit
GA Bar No. 355095

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

STATE OF GEORGIA      )
                           )      CASE NO.: 23SC186170
v.                          )
                           )
GEORGE SHARROD JOHNS,     )      JUDGE PAIGE WHITAKER
    Defendant          )

### CERTIFICATE OF SERVICE

I hereby certify that I have served the Defendant with a copy of the aforementioned State's Notice of Intent to Present Witness Testimony via Live Video Feed, by email to Samantha Trippedo, attorney for Defendant (samantha.trippedo@fultoncountyga.gov).

This 29th day of November 2023.

/s/ Jeffrey Hawkins
Jeffrey Hawkins
Assistant District Attorney
Atlanta Judicial Circuit
GA Bar No.: 355095

Office of the Fulton County District Attorney
136 Pryor Street SW, Third Floor
Atlanta, GA 30303

Page 3 of 3

Fulton County Superior Court
***EFILED***LO
Date: 4/5/2023 1:44 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | * | |
| | * | Ind. No.: 23SC186170 |
| -vs- | * | |
| | * | |
| | * | |
| GEORGE JOHNS | * | |
| Defendant | * | |

## ORDER PERMITTING PUBLIC DEFENDER TO BRING LAPTOP INTO THE JAIL TO REVIEW VIDEO, AUDIO AND PHOTOGRAPHIC DISCOVERY WITH CLIENT

**IT IS NOW THE ORDER OF THIS COURT** that the Sheriff of Fulton County permit the appointed Public Defender, Samantha Trippedo, and other Fulton County Public Defender Personnel; including but not limited to, Investigator, Paula Byrd, to bring a laptop into the jail in order to review video, audio, and/or photographic discovery with the above-named Defendant in this case at a time and in a private location to be determined by consent and agreement of the Fulton County Jail.

The Defendant is entitled to due process in the form of a thorough and sifting cross examination of the witnesses presented against him. In Chambers v. Mississippi, 410 U.S. 284, 294 (1973), the Supreme Court found that "[t]he rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." Moreover, the Court reasoned that "[t]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." Id.

In the instant case, the Defendant will be deprived of the ability to prepare a meaningful legal defense as it pertains to the cross examination of State witnesses without a legitimate opportunity to review the above-mentioned discovery. Further, absent such an opportunity to

CATHELENE "TINA" ROBINSON
CLERK OF SUPERIOR COURT
136 PRYOR ST, S.W.
CRIMINAL DIVISION
ROOM C515
ATLANTA, GEORGIA  30303

Honorable PAIGE REESE
WHITAKER

GEORGE SHARROD JOHNS
1940 Fisher RD SE APT 68C
Atlanta GA  30315-3200

review this evidence, the Defendant will be deprived of equal protection of the laws under both the United States and Georgia Constitutions because he is currently in custody and has no other means of viewing this discovery; whereas, on the contrary, other similarly-situated defendants who have the luxury of being out of custody would have unrestricted access to the same evidence.

It is therefore necessary that Counsel be allowed to bring a laptop to the jail so that the Defendant has an opportunity to review the above-mentioned material at a time and private location within the jail to be determined by mutual consent of the Fulton County Jail.

SO ORDERED, this 5th day of April, 2023.

Honorable Paige Reese Whitaker
Judge, Superior Court
Fulton County, Georgia

Prepared by:
Samantha S. Trippedo
Attorney for Defendant

Fulton County Superior Court
***EFILED***LS
Date: 4/6/2023 2:17 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| THE STATE OF GEORGIA | * | INDICTMENT NO. 23SC186170 |
| | * | |
| vs. | * | |
| | * | |
| GEORGE JOHNS | * | JUDGE WHITAKER |
| | * | |

### CERTIFICATE OF DISCOVERY

This is to certify that I have this day, in accordance with O.C.G.A. §17-16-1 et seq., served Counsel of Record for the above listed Defendant with a copy of the following marked items (DROPBOX). We, the State, are also filing a certificate with the court, however, the media listed below (DROPBOX) due to its nature, has/have not been filed with the clerk's office.

- 1. Case Index
  - Index.pdf
- 3. Homicide Cover Sheet
  - Homicide Investigation Checklist.docx
- 4. Synopsis of Investigation
  - call4service.pdf
  - Homicide #140 Significant Incident -1940 Fisher Rd SE- 223141566 (1).docx
  - Mail - G. Smith - Outlook.pdf
- 5. Police Incident Report
  - Case _ 180491146 - Combined Reports.pdf
- 6. Lead Investigator's Supplement
  - Cason Supplement.docx
  - Supp Report (blank).docx
- 8. Assisting Officer's Statement
  - 1. Case Index or Glossary
- 14. Autopsy Report
  - AutopsyRequestForm.doc
  - Sullivan Dictation Template[2022-02522].pdf
- 16. Crime Scene Log
  - crime scene log 1940 Fisher.pdf
- 18. Criminal History Information
  - 18SC157821
- 19. Search Warrants
  - E041230.pdf
  - E041231.pdf
  - George John Dump App.pdf
  - George John Dump SW.pdf
  - search_warrants_for_last_case.zip

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing BRIEF OF APPELLANT upon counsel for the State, Jayna Edwards, and Grace G. Griffith, via electronic service via e-mail pursuant to Supreme Court Rule 14 as shown below.

I certify that there is a prior agreement with Grace G. Griffith, Assistant Attorney General with the Department of Law, and Jayna Edwards, Assistant District Attorney with the Futon Judicial Circuit to allow documents in a PDF format sent via e-mail to suffice for service under Supreme Court Rule 14.

Grace G. Griffith
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3410
ggriffith@law.ga.gov

Jayna Edwards
Senior Assistant District Attorney
Appellate Division
Office of Fulton County District Attorney
Jayna.Easton@Fultoncountyga.gov

Respectfully submitted this 2nd day of April, 2025.

/S/ Nedra Woods
Nedra Woods
Georgia Bar No. 870900
Appellate Division
Georgia Public Defender Council
270 Washington St., Ste 5198
Atlanta, GA 30334
nwoods@gapublicdefender.org
470-377-3711



George S. Johns
GDC# 1002613163 20240104
Telfair State Prison
170 Longbridge Road.
Helen, Georgia. 31031

George S. Johns
GDC# 1002613163 20240104
Telfair State Prison
170 Longbridge Road
Helen, Georgia. 31031

LEGAL MAIL
Office of the Clerk
United States District Court
2211 United States Court House
75 Ted Turner Drive, S.W.
Atlanta, Georgia. 30303
ATTN: Northern District of Georgia
Atlanta Division

CLEARED DATE

MAR 09 2026

U.S. Marshals Service
Atlanta, GA 30303

LEGAL MAIL



**TELFAIR STATE PRISON**
**P.O. BOX 549, HELENA, GA 31037**

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has not been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for clarification. If the writer ...